**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4818

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KRISTOPHER OWEN DANIELS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:14-cr-00105-FL-1)

Submitted: September 26, 2017                    Decided: October 3, 2017

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a two-day trial, a jury convicted Kristopher Owen Daniels of possession with intent to distribute a quantity of crack cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 1); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking offense (to wit, Count 1), in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 2); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924 (2012) (Counts 3 and 4). All counts stemmed from Daniels' conduct on or about May 31, 2014. The district court sentenced Daniels to a total of 152 months' imprisonment, consisting of concurrent 92-month sentences on Counts 1, 3, and 4, and a 60-month consecutive sentence on Count 2. This appeal timely followed. For the reasons that follow, we affirm the criminal judgment.

I.

Daniels first contends that he received ineffective assistance of counsel because counsel should have, but did not, pursue an insanity defense based on Daniels' established mental health impairments and low intellectual function. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record and conclude that, on its face, there

is no conclusive evidence of ineffective assistance of counsel. Therefore, Daniels' claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

## II.

Daniels next assigns error to the district court's denial of his motion to suppress the photographs and text messages retrieved from his cell phone. Following the denial of a motion to suppress, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011). When the district court denies a defendant's motion to suppress, this court construes "the evidence in the light most favorable to the government." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (internal quotation marks omitted).

Daniels contends on appeal that he did not knowingly and voluntarily consent to the search of his cell phone. Because Daniels did not raise this specific basis for suppressing the evidence in the district court, we will review this contention only for plain error. *See United States v. Claridy*, 601 F.3d 276, 284-85 (4th Cir. 2010). Plain error occurs when: (1) there was an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See, e.g.*, *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012) (describing the plain error standard this court utilizes to review arguments that a party has not preserved by raising during the criminal proceeding in district court).

Daniels asserts, in a conclusory manner, that his mental health impairments and low intelligence rendered him unable to knowingly and voluntarily consent to the search of his cell phone. But Daniels fails to marshal any facts to support this argument. We

3

therefore conclude that Daniels has failed to demonstrate any error, let alone plain error, in the district court's failure to sua sponte suppress the seized evidence on this basis.

III.

Daniels next challenges the legal sufficiency of the evidence underlying his convictions on Counts 1 and 2. We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. *United States v. Zayyad*, 741 F.3d 452, 462 (4th Cir. 2014). We will affirm if, when the evidence is viewed in the light most favorable to the Government, "the conviction is supported by substantial evidence." *United States v. Hickman*, 626 F.3d 756, 762-63 (4th Cir. 2010) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotation marks omitted). "[A] sufficiency challenge presents a heavy burden, which a defendant will only overcome in cases where the prosecution's failure is clear." *Zayyad*, 741 F.3d at 462 (internal quotation marks omitted).

Daniels first challenges the legal sufficiency of the evidence underlying Count 1, which charged Daniels with possession with intent to distribute unspecified quantities of crack cocaine and marijuana. "The essential elements of such a distribution offense are (1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." *United States v. Hall*, 551 F.3d 257, 267 n.10 (4th Cir. 2009). Based on our review of the record, we conclude that the Government's evidence, taken in

the light most favorable to the Government, *see United States v. Washington*, 743 F.3d 938, 940 (4th Cir. 2014), amply supported the jury's guilty verdict.

Specifically, on May 31, 2014, two City of Wilmington, North Carolina, police officers responded to a 911-emergency call from the home where Daniels, his mother, and his mother's boyfriend, Shawndel Dixon, resided. Dixon called the police to report that Daniels was wielding a gun and threatening to kill him. After Corporal Robert Pearce arrived on the scene and ascertained that Daniels was armed, he began to approach Daniels, who fled on foot. Pearce chased Daniels until he was stopped by a fence that bordered the back of the residence. Pearce observed Daniels throw items into the bushes near the fence, but could not identify what those objects were. The second responding officer, Jean Marcel, who was pursuing Daniels from the opposite direction, also saw Daniels throw "a black object" over the fence.

The officers searched the bushes immediately after taking Daniels into custody and discovered a plastic baggie containing what was determined to be 23.094 grams of crack cocaine and a loaded .380 caliber handgun. Daniels, prior to being searched, surrendered to the officers a plastic baggie containing what was determined to be 5.32 grams of marijuana. Pearce testified that these would be considered distributable drug quantities, particularly if the marijuana was packaged for distribution. Photographs of the seized evidence revealed that the marijuana was split into two plastic baggies. Search of Daniels' person yielded $2100 in cash.

The police obtained a warrant to search Daniels' mother's home and a search of Daniels' bedroom yielded another firearm, a box containing multiple types of

5

ammunition, and a small baggie containing marijuana seeds. The police also found

Daniels' identification card and other evidence tying Daniels to this particular bedroom.

Taken together and permitting the Government the benefit all of the reasonable

inferences that can be drawn therefrom, this evidence was enough to demonstrate

Daniels' guilt as to Count 1. While the jury could have declined to infer that Daniels

threw the crack into the bushes where the foot chase ended, it did not do so. And, as this

court has explained:

> Where physical facts and evidence are capable of more than one interpretation and reasonable inferences therefrom can be drawn by a jury, its verdict should not be disturbed. It is the jury's duty to weigh contradictory evidence and inferences, pass on the credibility of witnesses, and draw the ultimate factual conclusions. When there is substantial evidence to support the jury's verdict, as there is in this case, the verdict should not be set aside, even if we were inclined to draw contrary inferences.

*United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (citation omitted).

Finally, although not individually packaged, possession of more than 20 grams of

crack cocaine is sufficient to establish an intent to distribute, especially when coupled

with the fact that Daniels sought to discard it after the police began to pursue him, and

Daniels contemporaneously possessed more than $2000 in cash. *See United States v.

Collins*, 412 F.3d 515, 519 (4th Cir. 2005) (explaining that "the intent to distribute can be

inferred from a number of factors, including but not limited to: (1) the quantity of the

drugs; (2) the packaging; (3) where the drugs are hidden; and (4) the amount of cash

seized with the drugs"); *United States v. Bell*, 954 F.2d 232, 235 (4th Cir. 1992) ("The

thirteen plus grams of crack . . . is a 'large quantity', supporting the factfinder's inference

6

that an intent to distribute existed."), *overruled on other grounds by United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996) (en banc). Because, on appeal, we must "construe all facts and reasonable inferences in favor of the government," we uphold the jury's guilty verdict on Count 1. *Gomez-Jimenez*, 750 F.3d at 379.

The same result is had with regard to Daniels' challenge to the sufficiency of the evidence of Count 2. The reasons discussed above related to the legal sufficiency of the evidence of Count 1 readily dispense with Daniels' first argument on this point, which is that there was insufficient evidence to establish that Daniels was engaged in a drug trafficking crime in the first instance. Daniels further argues that the Government's evidence was insufficient to demonstrate that he possessed a firearm in furtherance of a drug trafficking crime. We disagree.

"[T]o prove the § 924(c) violation, the government was required to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. However, whether the firearm served such a purpose is ultimately a factual question." *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks and citation omitted). In reaching this determination, the jury may consider:

> [T]he type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks omitted).

7

Considered in light of the *Lomax* factors, the Government's evidence of this element was legally sufficient. Both Pearce and Marcel testified that Daniels threw objects into the bushes at the end of Daniels' flight path; shortly thereafter, a .380 caliber handgun and a baggie containing more than 20 grams of crack cocaine were discovered in those bushes. The jury could reasonably infer from these facts that Daniels actually possessed these items prior to throwing them into the bushes and, as such, the firearm was accessible and in close proximity to both Daniels' drugs and the money later discovered on Daniels' person. *Gomez-Jimenez*, 750 F.3d at 379. It is also relevant to the analysis that the handgun was loaded and that Daniels, as a convicted felon, was prohibited from possessing a firearm. We thus affirm the jury's guilty verdict on Count 2. *See United States v. Moore*, 769 F.3d 264, 269-70 (4th Cir. 2014) (identifying elements of a § 924(c) charge, applying *Lomax* factors, and recognizing that discovery of firearms, one of which was loaded, "in close proximity to" defendant's money stash, "suggest[ed] their purpose was protection").

IV.

Finally, we turn to the lone sentencing issue raised on appeal. Specifically, Daniels asserts that the concurrent 92-month sentence imposed on Counts 1, 3, and 4 is substantively unreasonable because, in selecting this sentence, the district court failed to adequately account for Daniels' limited intellectual function and mental capacity.

When evaluating the substantive reasonableness of a sentence, this court considers the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court presumes a sentence within or below the correctly calculated Guidelines range is

8

substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). To successfully challenge the substantive reasonableness of a sentence, a defendant must rebut this "presumption . . . by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id.*

On this record, Daniels cannot overcome the presumption of substantive reasonableness accorded to his bottom-of-the-Guidelines sentence on Counts 1, 3, and 4. The district court explained that the selected sentence was appropriate given the serious nature of Daniels' crimes; Daniels' history and characteristics, which included a demonstrable and persistent lack of respect for the law; and the significant danger he posed both to the public and his family. While Daniels insists that his limited mental capacity warranted a downward variance, he does not address why this one consideration bears enough weight to overcome the other § 3553(a) factors identified, and relied on, by the court to support the selected sentence. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). Accordingly, we hold that the sentence is substantively reasonable.

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

9